IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **DEMETRIUS THOMAS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. No. 10 C 5056 |
| | ) | |
| **CITY OF JOLIET, JAMES O. KILGORE,** | ) | Judge Joan H. Lefkow |
| **TIZOC LANDORES, and JAMES ALLISON,** | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Demetrius Thomas brings a § 1983 claim against the City of Joliet and James O. Kilgore, Tizoc Landores and James Allison arising from his arrest for aggravated criminal sexual abuse. Before the court is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, defendants' motion [#20] is denied.[1]

**BACKGROUND**[2]

On February 27, 2009, Detective James Allison signed and swore to a criminal complaint before a judge of the Will County Circuit Court. The complaint alleged that Demetrius Thomas had committed two counts of aggravated criminal sexual abuse, in violation of 720 Ill. Comp.

---

[1] Subject matter jurisdiction is provided by 28 U.S.C. §§ 1343 and 1367. Venue is proper under 28 U.S.C. § 1391(b) because the events that gave rise to Thomas's claims occurred in this district. Thomas also requests that a declaratory judgment be entered against the City of Joliet declaring that it is liable, as the indemnifier, for any award of compensatory damages. Defendants do not address this request in their motion to dismiss.

[2] The following facts are taken from the amended complaint and are presumed true for the purpose of resolving the pending motion.

Stat. 5/12016(d). (Defs.' Ex. 1.)[3] Counts I and II alleged that on January 17, 2009, Thomas had "placed his penis in the vagina of B.M., a minor, for the purpose of sexual gratification" and that Thomas was at least five years older than B.M. The complaint did not identify the source of the information about Thomas's conduct.

The Circuit Court judge issued a warrant for Thomas's arrest on the basis of the representations contained in the criminal complaint. (Defs.' Ex. 2.) The widespread practice of the City of Joliet Police Department is to request arrest warrants on the basis of criminal complaints.

After the judge issued the warrant, Officers James Kilgore and Tizoc Landores arrested Thomas at his residence. At the time they entered Thomas's residence, Kilgore and Landores knew that the arrest warrant had been issued solely on the basis of the allegations in the criminal complaint. Thomas was taken into custody and formally charged with an offense. He remained in custody until August 21, 2009, when all charges against him were dismissed.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). In ruling on a motion to dismiss, the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences in the plaintiff's favor. *Nixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002).

---

[3] Thomas did not submit a copy of the criminal complaint or arrest warrant with his amended complaint. Defendants include both documents with their motion to dismiss, however, and Thomas agrees that the court may take judicial notice of these public records in deciding defendants' motion. *See Ray* v. *City of Chicago*, 629 F.3d 660, 665 (7th Cir. 2011); *United States* v. *Wood*, 925 F.2d 1580, 1581-82 (7th Cir. 1991).

In order to survive a 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of the claim's basis, but must also establish that the requested relief is plausible on its face. *Ashcroft* v. *Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The allegations in the complaint must be "enough to raise a right of relief above the speculative level." *Twombly*, 550 U.S. at 555. At the same time, the plaintiff need not plead legal theories. *Hatmaker* v. *Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010). Rather, it is the facts that count.

## ANALYSIS

Defendants argue that Thomas's complaint must be dismissed because the warrant for his arrest was supported by probable cause and because they obtained the warrant in good faith.[4] The court looks to the "totality of the circumstances" in determining whether the warrant for Thomas's arrest was supported by probable cause. *See Illinois* v. *Gates*, 462 U.S. 213, 238–39, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). Probable cause exists "if, at the moment when [the law enforcement officer] sought the [arrest warrant], the facts and circumstances within his knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent person in believing that [defendant] had committed the crimes." *Beauchamp* v. *City of Noblesville*, 320 F.3d 733, 743 (7th Cir. 2003) (citing *Hunter* v. *Bryant*, 502 U.S. 224, 228, 112 S. Ct. 534, 116 L. Ed. 2d 589 (1991); *Neiman* v. *Keane*, 232 F.3d 577, 580 (7th Cir. 2000)).

---

[4] Defendants Kilgore, Landores, and Allison are sued in their individual capacities. Defendants make no argument that relates specifically to Thomas's *Monell* claim against the City of Joliet. *See Monell* v. *City of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) (Local government unit may be held liable under § 1983 only when the constitutional deprivation arises from a governmental custom.). The court is under no obligation to make arguments for the parties, *see Vaughn* v. *King*, 167 F.3d 347, 354 (7th Cir. 1999), and therefore the court will address only the issues raised in defendants' motion.

The officer seeking the warrant must present "[s]ufficient information . . . to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others." *Gates*, 462 U.S. at 239. Thus, a law enforcement officer's "[m]ere affirmance of belief or suspicion is not enough" to demonstrate probable cause. *Gates*, 462 U.S. at 276 (citing *Nathanson* v. *United States*, 290 U.S. 41, 47, 54 S. Ct. 11, 78 L. Ed. 159 (1933)). A criminal complaint does not establish probable cause when "[it] contains no affirmative allegation that the affiant spoke with personal knowledge of the matters contained therein; it does not indicate any sources for the complainant's belief; and it does not set forth any other sufficient basis upon which a finding of probable cause could be made." *Giordenello* v. *United States*, 357 U.S. 480, 485, 78 S. Ct. 1245, 2 L. Ed. 2d 1503 (1958).[5]

Here, the criminal complaint provides no information regarding the source of Detective Allison's information. The complaint does not state whether Detective Allison personally observed the alleged assault or whether an informant provided information, and if so, whether the informant was the putative victim, an alleged eyewitness, an unrelated third-party, or an anonymous source. It is materially indistinguishable from the criminal complaint that the Supreme Court rejected over forty years ago in *Whiteley* v. *Warden, Wyoming State Penitentiary*, 401 U.S. 560, 565, 28 L. Ed. 2d 306, 91 S. Ct. 1031 (1971). There, the Supreme Court concluded that an arrest warrant was not supported by probable cause where it was supported only by a criminal complaint alleging that the county sheriff believed the defendants

---

[5] Although *Giordenello* considered the "probable cause" requirement of Federal Rule of Criminal Procedure 4, it did so in light of the constitutional probable cause requirement. The court may therefore look to *Giordenello* in determining what constitutes probable cause under the Fourth Amendment. *See Aguilar* v. *Texas*, 378 U.S. 108, 112 n.3, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964), *abrogated on other grounds by Gates*, 462 U.S. at 230.

"did then and there unlawfully break and enter a locked and sealed building." The Court explained that the complaint "consist[ed] of nothing more than the complainant's conclusion that the individuals named therein perpetrated the offense from the complaint . . . . [T]hat document alone could not support the independent judgment of a disinterested magistrate." *Id.* The same holds true here.

Defendants argue that the warrant for Thomas's arrest was nevertheless supported by probable cause because the Circuit Court judge had the opportunity to examine Detective Allison under oath. Under Illinois law, the "four corners of the complaint" need not establish probable cause because the judge issuing the arrest warrant may also examine the complainant or any witness under oath. *People* v. *Hooper*, 552 N.E.2d 684, 690, 133 Ill. 2d 469, 142 Ill. Dec. 93 (1989) (quoting *People* v. *Collins*, 387 N.E.2d 995, 1003, 70 Ill. App. 3d 413, 26 Ill. Dec. 165 (1979)); 725 Ill. Comp. Stat. 5/107-9. Thomas alleges however, that the Circuit Court judge issued the arrest warrant "solely" on the basis of the allegations in the criminal complaint. (Amend. Compl. ¶ 7.) The court must accept this allegation as true. Taking the foregoing into account, the complaint has alleged facts sufficient to support the conclusion that the warrant for Thomas's arrest was invalid. *See United States* v. *Koerth*, 312 F.3d 862, 868 (7th Cir. 2002) (search warrant invalid where underlying affidavit "presented the magistrate judge with little more than mere conclusions and assertions of wrongdoing on the part of the defendant, without an adequate factual foundation, based on the testimony of a previously unknown informant").

Defendants next argue that they are insulated from liability because they obtained the arrest warrant in good faith. The Seventh Circuit has cautioned that "[t]he 'good faith' immunity of public officers from constitutional tort liability is now a misnomer; ever since *Harlow* v.

*Fitzgerald*, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982), it is forfeited not by showing that the officer was acting in bad faith but by showing that he was violating an established constitutional principle." *Jones* v. *City of Chicago*, 856 F.2d 985, 994 (7th Cir. 1988).[6] Whether a government official may be held personally liable for an alleged constitutional violation "turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Messerschmidt* v. *Millender*, --- U.S. ----, 132 S. Ct. 1235, 1244 (2012) (quoting *Anderson* v. *Creighton*, 483 U.S. 635, 639, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)). The court looks to the standard of "objective reasonableness," also referred to as "objective good faith," that is used in the context of suppression hearings under *United States* v. *Leon*, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984). *See Messerschmidt*, 132 S. Ct. at 1244; *Groh* v. *Ramirez*, 540 U.S. 551, 565 n.8, 124 S. Ct. 1284, 157 L. Ed. 2d 1068 (2004) (citing *Malley* v. *Briggs*, 475 U.S. 335, 346, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986)); *Neiman* v. *Keane*, 232 F.3d 577, 580 (7th Cir. 2000); *Olson* v. *Tyler*, 825 F.2d 1116, 1120 (7th Cir. 1987). Thus the "shield of immunity" conferred by a facially valid arrest warrant "will be lost . . . where the warrant was 'based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Messerschmidt*, 132 S. Ct. at 1245 (quoting *Leon*, 468 U.S. at 923).[7] Only "if officers of reasonable competence could disagree on this issue, [should] immunity . . . be recognized."

---

[6] Both parties rely primarily on cases applying the exclusionary rule to a Fourth Amendment violation. The purpose of the exclusionary rule is different, though related, to the purpose of affording police officers qualified immunity from a § 1983 action. *See Malley* v. *Briggs*, 475 U.S. 335, 344, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986).

[7] An officer cannot rely on the judgment of the judicial officer that approved the warrant to establish that his conduct was objectively reasonable. *Malley*, 475 U.S. at 345.

*Malley*, 475 U.S. at 341.[8]

The amended complaint alleges that the circuit court judge issued the arrest warrant solely on the basis of the allegations in the criminal complaint and that Kilgore and Landores knew that this was the case. It has been settled law for decades that a criminal complaint does not support a determination of probable cause where it merely alleges, without identifying the source of the information, that the person who would be subject to the warrant has committed a crime. *See, e.g.*, *Whiteley*, 401 U.S. at 564–65; *Giordenello*, 357 U.S. at 486; *see also Owens* v. *United States*, 387 F.3d 607, 608 (7th Cir. 2004) (warrant based on "barebones" affidavit containing allegations from informant of unknown reliability so plainly deficient as to render official belief in magistrate's decision objectively unreasonable). Defendants have cited no case, and the court is not aware of any, suggesting that it would be reasonable for officers to rely upon a complaint such as the one submitted by Detective Allison. Accordingly, no officer of reasonable competence could argue that it was reasonable to rely solely on Detective Allison's written allegations to conclude that there was probable cause for Thomas's arrest. Allison, Kilgore, and Landores are not immune from suit. Defendants' motion to dismiss will be denied.

---

[8] Defendants cite *Mannoia* v. *Farrow*, 476 F.3d 453, 458 (7th Cir. 2007), for the proposition that, in order to defeat the defense of qualified immunity, Thomas must allege that Detective Allison knowingly made false statements to the Circuit Court judge and that these false statements were necessary to the judge's determination of probable cause. In *Mannoia*, unlike here, the plaintiff's § 1983 claim was premised on the allegation that the detective who obtained the arrest warranted had intentionally misrepresented the facts to the judge who issued the arrest warrant. *See* 476 F.3d at 454. The court is guided instead by cases, such as *Malley*, which address circumstances more analogous to those presented here.

**CONCLUSION AND ORDER**

Defendants' motion to dismiss [#20] is denied. This case is set for a status hearing on April 26, 2012 at 8:30 a.m.

                                              Enter:

Dated: March 27, 2012                                 _____
                                              JOAN HUMPHREY LEFKOW
                                              United States District Judge